**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| PAULINA MATIAS CALMO DE ORTIZ; C O.M., | No. 24-1213 |
| Petitioners, | Agency Nos. A208-929-695 A208-929-696 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 13, 2025[**]
San Francisco, California

Before: S.R. THOMAS and KOH, Circuit Judges, and SILVER, District Judge.[***]

Petitioners Paulina Matias Calmo de Ortiz and her minor child petition for

review of a decision by the Board of Immigration Appeals ("Board") affirming an

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[***] The Honorable Roslyn O. Silver, United States District Judge for the District of Arizona, sitting by designation.

Immigration Judge's ("IJ") denial of asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we grant the petition for review in part and deny it in part. Because the parties are familiar with the history of the case, we need not recount it here.

Where, as here, the Board "agrees with the IJ decision and also adds its own reasoning, we review the decision of the [Board] and those parts of the IJ's decision upon which it relies." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1027–28 (9th Cir. 2019). "We review the Board's legal conclusions de novo, and its factual findings for substantial evidence." *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc) (cleaned up). "To prevail under the substantial evidence standard, the petitioner must show that the evidence not only supports, but compels the conclusion that these findings and decisions are erroneous." *Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022) (as amended) (cleaned up). We review de novo claims that the IJ violated an applicant's due process rights. *Olea-Serefina v. Garland*, 34 F.4th 856, 866 (9th Cir. 2022).

I

We grant the petition for review as to Matias Calmo de Ortiz's asylum and withholding of removal claims.[1]  The Board upheld the IJ's denial of both claims based on the determinations that Matias Calmo de Ortiz could not show (1) that the Guatemalan government was or would be unwilling or unable to control the private actors from whom she fears persecution, and (2) that she could safely relocate within Guatemala.  The denial is not supported by substantial evidence because both grounds on which the Board relied were marred by legal error.

A

The Board's determination that Matias Calmo de Ortiz did not show that the Guatemalan government would be "unwilling or unable" to protect her from persecution committed by private actors is infirm.

First, the record does not support the Board's treatment of the evidence that Matias Calmo de Ortiz's attackers jailed her, and the Board additionally applied the wrong legal standard to that evidence.  Contrary to the Board's conclusion,

---

[1]  Although Matias Calmo de Ortiz did not "specifically and distinctly" challenge the denial of withholding of removal in her opening brief, *Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022) (as amended), "we exercise our discretion to review the" Board's denial of this claim "because 'the government briefed it, and thus suffers no prejudice from [Matias Calmo de Ortiz's] failure to properly raise the issue,'" *Antonio v. Garland*, 58 F.4th 1067, 1077 n.15 (9th Cir. 2023) (quoting *Singh v. Ashcroft*, 361 F.3d 1152, 1157 n.3 (9th Cir. 2004)).

3

Matias Calmo de Ortiz's testimony that, after beating and raping her, private security officers took her to a jail and had her confined there compels the conclusion that the Guatemalan government would be unwilling to control her persecutors. There is no evidence of a legitimate reason for her incarceration. Rather, the government effectively condoned the persecution by incarcerating her, apparently at the attackers' request, in addition to not providing her medical care or basic necessities in custody. The Board also improperly demanded evidence on appeal that the IJ did not, regarding whether Matias Calmo de Ortiz's repeated references to a jail meant anything but the word's plain meaning, a state-run facility—which the IJ's merits determination did not question.[2] *See Soto-Soto v. Garland*, 1 F.4th 655, 661 (9th Cir. 2021) (explaining that the Board errs by "substituting its own view of the evidence for the IJ's").

Further, the Board concluded that Matias Calmo de Ortiz's testimony about having been jailed did not prove "an affiliation" between her attackers and the government; but petitioners are not required to prove such a connection. They must show only that the government was or would be "unwilling or unable" to control the attackers. *See Madrigal v. Holder*, 716 F.3d 499, 507 (9th Cir. 2013)

---

[2] The IJ found Matias Calmo de Ortiz was not credible but also issued an alternative holding on the merits. The Board addressed only the alternative merits decision.

(remanding where the Board's "unwilling or unable" conclusion resulted from legal error, as it applied the wrong standard); *cf. Ornelas-Chavez v. Gonzales*, 458 F.3d 1052, 1058–59 (9th Cir. 2006) (remanding CAT claim where the agency applied the wrong legal standard, noting that the error was not simply "errant word choice").[3]

Second, the Board separately "erred when it faulted [Matias Calmo de Ortiz] for failing to" make a second report of the attack. *Davila v. Barr*, 968 F.3d 1136, 1143 (9th Cir. 2020). The Board acknowledged that she had reported the attack to the public ministry, a government agency that assists victims of crime. But the Board based its "unwilling or unable" determination in part on her testimony that she had not additionally sought help from the mayor of a town three hours away, with whom Matias Calmo de Ortiz had frequently worked to secure food aid and other assistance for her small indigenous community. *See Bringas-Rodriguez*, 850 F.3d at 1066 n.9 (describing the "rule that reporting is not required"). The Board erred by ignoring the evidence that, after she reported the attack to the public ministry, her attackers threatened her with death, saying, "we warned you . . . not to report on us." *Davila*, 968 F.3d at 1143 (explaining that the Board errs by

---

[3] To the extent that Matias Calmo de Ortiz contends that she was persecuted by the government, not private actors, we decline to conclude that the Board was required to credit this contention because she testified and stated in her declaration that her persecutors were private actors.

faulting a petitioner for not making additional reports of further abuse, if the petitioner has demonstrated "why she did not make any further reports"); *see also Ornelas-Chavez*, 458 F.3d at 1058 (explaining that the petitioner "need not have reported . . . persecution to the authorities if he can convincingly establish that doing so would have been futile or have subjected him to further abuse").[4]

B

As the parties agree, the Board erred in its internal relocation analysis by not referring to or assessing the regulatory factors for when it is "reasonable" to expect internal relocation. In addition to analyzing whether a noncitizen "could relocate safely," the agency must also analyze "whether it would be reasonable to require the applicant to do so." *Afriyie v. Holder*, 613 F.3d 924, 934 (9th Cir. 2010) (internal quotations and citation omitted), *superseded on other grounds by Bringas-Rodriguez*, 850 F.3d at 1069–70. The regulation lists factors that "adjudicators should consider" in assessing reasonableness. 8 C.F.R. § 1208.13(b)(3).

---

[4] Further undermining the "unwilling or unable" determination, the Board also purported to uphold a predictive factual finding the IJ did not make. In determining whether the legal requirements for persecution are met, the Board may not "base[] its determination on factual findings not made by the IJ." *Perez-Palafox v. Holder*, 744 F.3d 1138, 1146 (9th Cir. 2014).

6

First, neither the Board nor the IJ referenced the factors they were considering, so it is at best unclear whether they applied the correct standard. *See Afriyie*, 613 F.3d at 935 (remanding for reconsideration of internal relocation "because we cannot determine whether the [Board] considered the requisite regulatory factors pertinent to the reasonableness analysis"). Second, the agency did not consider Matias Calmo de Ortiz's testimony that when she temporarily relocated within Guatemala before fleeing to the United States, she received a death threat from her attackers, who warned that they would find her, "no matter where." *See Knezevic v. Ashcroft*, 367 F.3d 1206, 1214–15 (9th Cir. 2004) (remanding where the agency "failed to take into account the numerous factors for determining reasonableness outlined in" the regulation, and petitioners' evidence showed "internal relocation would be unreasonable"). Third, the Board incorrectly focused on Matias Calmo de Ortiz's family members' having safely relocated. This evidence does not support internal relocation because her relatives had not similarly been targeted for their political activity, suffered the same degree of past harm, or received explicit threats of future harm. *See, e.g.*, *Kumar v. Gonzales*, 444 F.3d 1043, 1055 (9th Cir. 2006) (concluding it was "irrelevant" that petitioner's parents were not harmed after petitioner left India because they were not "similarly situated").

C

We therefore remand the asylum and withholding of removal claims for the agency to apply the correct legal standards and "evaluate all relevant evidence in the record." *See Davila*, 968 F.3d at 1143. We note that the IJ assumed Matias Calmo de Ortiz had suffered harm rising to the level of persecution on account of her race, but did not consider her claimed political opinion or imputed political opinion nexus. On remand, the Board should evaluate Matias Calmo de Ortiz's persecution claim based on this additional protected ground.[5] Her political opinion claim is of particular relevance to any consideration of whether it would be reasonable for her to relocate internally. *See Kumar*, 444 F.3d at 1055.

II

We grant the petition for review as to Matias Calmo de Ortiz's CAT claim. Because "we conclude that the [Board's] decision cannot be sustained upon its reasoning, we must remand to allow the agency to decide any issues remaining in

---

[5] However, it was not error for the Board to decline to further analyze the alternate grounds on which she claimed asylum—membership in a disfavored group or a pattern or practice of persecution—because the Board correctly determined that she had failed to argue that her country condition evidence established eligibility on either basis. *See Ghahremani v. Gonzales*, 498 F.3d 993, 997 (9th Cir. 2007) ("Issues raised in a brief that are not supported by argument are deemed abandoned." (quoting *Martinez–Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996))).

the case." *Garcia v. Wilkinson*, 988 F.3d 1136, 1142 (9th Cir. 2021) (quoting

*Regalado-Escobar v. Holder*, 717 F.3d 724, 729 (9th Cir. 2013)). First, the Board

impermissibly went beyond the IJ's factual findings underlying the denial of CAT.

*See Perez-Palafox*, 744 F.3d at 1146. Second, the Board's discussion of the record

evidence and its citations to inapposite cases indicate that it did not "give reasoned

consideration" to all relevant evidence. *Cole v. Holder*, 659 F.3d 762, 771–72 (9th

Cir. 2011) (discussing "indications" that, contrary to the CAT regulations, the

Board "did not consider all of the evidence before it"); *see also Parada v. Sessions*,

902 F.3d 901, 914–15 (9th Cir. 2018) (noting that "we have repeatedly reversed

where the agency has failed to" consider "all evidence relevant to the possibility of

future torture"); *cf. Flores Molina v. Garland*, 37 F.4th 626, 636 (9th Cir. 2022)

(remanding where "[t]he two citations the [Board] provided . . . b[ore] no

resemblance to the" facts of the petitioner's case).

These legal errors require remand of the CAT claim. *See Singh v. Garland*,

118 F.4th 1150, 1165 (9th Cir. 2024) ("[W]hen the agency commits legal error . . .

'we do not ignore the error to see if substantial evidence nevertheless supports the

agency's determination,'" but rather we "remand to the agency to apply the correct

legal standard." (quoting *Singh v. Garland*, 97 F.4th 597, 609 (9th Cir. 2024))).

9

## III

We grant in part and deny in part the petition for review as to Matias Calmo de Ortiz's due process claims because she can show prejudice for one claim but not the others.

The IJ's refusal to permit counsel to conduct redirect after the government's cross examination "prevent[ed] a full examination of" Matias Calmo de Ortiz. *Colmenar v. INS*, 210 F.3d 967, 972 (9th Cir. 2000); *see Flores-Rodriguez v. Garland*, 8 F.4th 1108, 1113 (9th Cir. 2021). She was "prejudiced by the IJ's conduct" because "it [was] possible that, given a reasonable opportunity to testify," she could have further explained certain assertions in her written application and further developed related testimony about her jailing in Guatemala. *Colmenar*, 210 F.3d at 972. Such testimony could have affected the outcome of her asylum and withholding claims—which the Board rejected based in part on the lack of evidence of government unwillingness or inability to control her persecutors—and her CAT claim, which the Board rejected based in part on the lack of evidence of acquiescence. *See Zolotukhin v. Gonzales*, 417 F.3d 1073, 1077 (9th Cir. 2005) ("The standard does not demand absolute certainty; rather prejudice is shown if the violation '*potentially* . . . affects the outcome of the proceedings.'" (quoting *Agyeman v. INS*, 296 F.3d 871, 884 (9th Cir. 2002))). Thus, the Board erred by

10

determining that Matias Calmo de Ortiz was not prejudiced by the IJ's conduct, and remand is required. *See Cinapian v. Holder*, 567 F.3d 1067, 1074 (9th Cir. 2009).

However, the Board did not err by rejecting Matias Calmo de Ortiz's other due process claims. She was not prejudiced by the IJ's denial of a continuance to obtain and present corroborating evidence because it is unclear what impact any corroborating evidence might have had on the alternative merits holding the Board affirmed. The portions of the IJ opinion on which the Board relied do not point to a lack of corroboration. *See Cruz Rendon v. Holder*, 603 F.3d 1104, 1109–11 (9th Cir. 2010) (petitioner was prejudiced by denial of continuance where IJ relied on lack of evidence she could potentially have gathered).

Matias Calmo de Ortiz also was not prejudiced by the IJ's refusal to permit her expert and lay witnesses to testify. Her contention that the witnesses could have clarified inconsistencies is unavailing because the Board did not rely on the IJ's adverse credibility determination. And while her lay witness could have supplemented her account in some respects, much of that witness's account of past events in his declaration materially diverged from Matias Calmo de Ortiz's own account. The agency is not required to accept two stories that seem to be mutually exclusive; we therefore cannot say that the exclusion of this testimony "potentially

11

. . . affect[ed] the outcome of the proceedings." *Zolotukhin*, 417 F.3d at 1077 (emphasis removed).

IV

In sum, we grant Matias Calmo de Ortiz's petition for review as to her asylum, withholding of removal, and CAT claims. We grant in part and deny in part her petition for review of her due process claims. Each party shall bear their own costs.

**PETITION GRANTED IN PART, DENIED IN PART, REMANDED.**